UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES JONES,

    Plaintiff,

v.                                                    Case No. 2:06-cv-299

                                                     HON. R. ALLAN EDGAR

RICK WERTANEN, et al.,

    Defendants.
_____/

## **MEMORANDUM**

      This case came before the Court for a bench trial on June 17, 2009. The Court heard testimony of witnesses and received several exhibits into evidence. This Memorandum is the Court's findings of fact and conclusions of law.

      Plaintiff James Jones is a prisoner in the Michigan Department of Corrections. Defendants Rick Wertanen, Steve Frederickson, and Rod Vien are state corrections officers. Plaintiff claims that the defendants deprived him of his right under the Eighth Amendment to be free of cruel and unusual punishment in that they used excessive force on him on October 2, 2005.

      The facts here are very clear. Plaintiff Jones is a particularly feisty inmate at the MDOC's Baraga Maximum Security Prison. For some reason, he was particularly aggravated in September, October, and November, 2005.

      On September 23, 2005, Plaintiff told Defendant Wertanen that "I'm going to throw shit in your face, white bitch, take me out for a shower Sunday and I'll beat your ass. I have no problem assaulting staff, go read my file and see for yourself." Around

this time he made similar threats to at least one other corrections officer.

Sure enough, when Officers Wertanen and Frederickson took Plaintiff to the showers on October 2, 2005, he kicked Officer Wertanen and spit at Officer Frederickson. (Officer Vien was not there, he was some considerable distance away in the "bubble" where he could observe what was happening in the prison unit.) Plaintiff also tried to bite Officer Frederickson. Officers Wertanen and Frederickson then took Plaintiff down to the floor. With the help of additional officers, Plaintiff was secured with leg irons. In the course of the struggle, Plaintiff acquired a laceration on his cheek which required six stitches, and Officer Wertanen injured the tendons in his ring finger. Officer Frederickson injured his right knee. In November 2007, Plaintiff threatened to kill Wertanen.

To make out his claim, it is incumbent upon the Plaintiff to prove by a preponderance of the evidence each of the following elements: first, that defendants Wertanen, Frederickson, and Vien used excessive force on the Plaintiff without justification; second, that the Defendants acted under color of some law of the State of Michigan; and third, that the Defendants' acts and conduct were the proximate cause of injury to the Plaintiff. 42 U.S.C. § 1983; *Lockett v. Suardini*, 526 F. 3d 866, 874 (6th Cir. 2008); *Cunningham v. Sisk*, 2003 WL 23471541, *5 (E.D. Tenn. 2003) (citing *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000), abrogated in part on other grounds by *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 523 U.S. 598 (2001)).

The primary issue here is whether Officers Wertanen and Frederickson used

excessive force. Obviously, Officer Vien used no force at all. The Eighth Amendment provides that citizens, including inmates of penal institutions, are entitled to be free from cruel and unusual punishment. The Plaintiff's Eighth Amendment right would be violated if the Defendants used excessive force and the physical treatment of the Plaintiff was unjustified. As the Sixth Circuit has noted, "in the prison context, good faith use of physical force may be necessary to maintain prison security and discipline." *Lockett*, 526 F.3d at 875 (quoting *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992)).

For conduct to constitute cruel and unusual punishment in violation of the Eighth Amendment, it must involve more than mere negligence or ordinary lack of due care for the prisoner's interests and safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986). Not every push or shove violates constitutional rights of a prisoner under the Eighth Amendment. *See El v. Ordiway*, 1999 WL 993891, 198 F.3d 244, *1 (6th Cir. Oct. 20, 1999); *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865 (1989); *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000, 117 L.Ed. 2d 156, 167 (1992). As the Supreme Court noted in *Whitley* "[t]he infliction of pain on a prisoner in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." 475 U.S. at 319; *see also, Lockett*, 526 F.3d at 875. What is prohibited by the Eighth Amendment is obduracy and wantonness, not inadvertence or error in good faith. *Whitley*, 475 U.S. at

319.  In other words, the Plaintiff is required to prove that physical force was applied against him by the Defendants maliciously and sadistically for the very purpose of causing harm to the Plaintiff.  *Hudson*, 503 U.S. at 6-7; *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir.) cert denied, 115 S.Ct 2269, 132 LEd.2d 273 (1995).

The term "obduracy" may be defined as being hardened or harsh in feelings especially against moral influences and stubbornly persistent in wrongdoing.  Webster's Third New International Dictionary (1981).  The term "wanton" means a reckless disregard for the safety or rights of another person with conscious indifference that an act may result in an injury to another.  *Sofer v. Ramsey*, 558 F. Supp. 1, 3 (E.D. Tenn 1982).

The maintenance of jail security and discipline may often require that prisoners be subjected to physical contact by guards.  The good faith use of physical force in pursuit of valid institutional goals, like maintaining jail security and discipline, will rarely, if ever, violate the Eighth Amendment.  *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).   However, a violation of the Eighth Amendment will occur if the infliction of pain upon a prisoner is both unnecessary and wanton.

In determining whether the force used by the Defendants in this case was excessive and was done for the purpose of inflicting unnecessary and wanton pain on the Plaintiff, or the force used by the Defendants was reasonably justified under the circumstances, the court, as the finder of fact in this matter, must consider such factors as:  the need for the application of force;  the relationship between the need and the amount of force used; the extent of the injury inflicted, although the Plaintiff's rights may

have been violated even though he was not seriously injured; whether the force was applied in a good faith effort to restore and maintain discipline, or maliciously and sadistically applied for the very purpose of causing harm; the extent of the threat to the safety of the jail staff and other inmates as reasonably perceived by the responsible officials on the basis of the facts known to them; and any efforts made by the Defendants to temper the severity of their actions.  *Whitley*, 475 U.S. at 320-21; *Hudson*, 503 U.S. at 6-7.

In this case, none of the Defendants used excessive force on Plaintiff.  They merely responded to an assault on them by the Plaintiff.  In so doing, they took reasonable action to get Plaintiff under control.  They did not act maliciously or with reckless disregard for Plaintiff's safety.  They were acting in such a way as to restore order, and to protect themselves from harm.

Judgment shall be entered for the Defendants.

ENTERED: 6/18/09

      */s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE